11-632-ag
Jiang v. Holder

BIA
Balasquide, IJ
A073 488 935

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8ᵗʰ day of February, two thousand twelve.

PRESENT:
> JOSÉ A. CABRANES,
> PETER W. HALL,
> GERARD E. LYNCH,
> *Circuit Judges*.

_____

JIN QI JIANG,
> *Petitioner*,

v.                                    11-632-ag
                                      NAC

ERIC H. HOLDER JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:          Gary J. Yerman, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Terri J. Scadron, Assistant
                         Director; Genevieve Holm, Trial
                         Attorney, Office of Immigration
                         Litigation, United States Department
                         of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Jin Qi Jiang, a native and citizen of the People's Republic of China, seeks review of a January 21, 2011 order of the BIA, affirming the December 17, 2008 decision of Immigration Judge ("IJ") Javier Balasquide, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jin Qi Jiang*, No. A073 488 935 (B.I.A. Jan. 21, 2011), *aff'g* No. A073 488 935 (Immig. Ct. N.Y. City Dec. 17, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The sole argument Jiang raises before this Court is that the BIA erred by failing to appropriately evaluate his claim of economic persecution. Although Jiang failed to

raise this argument before the agency, we consider the issue exhausted because the BIA explicitly addressed it in its decision. *See Ruiz-Martinez v. Mukasey*, 516 F.3d 102, 112 n.7 (2d Cir. 2008) (citing with approval *Xian Tuan Ye v. DHS*, 446 F.3d 289, 296-97 (2d Cir. 2006); *Waldron v. INS*, 17 F.3d 511, 515 n.7 (2d Cir. 1994)).

Here, the BIA reasonably found that Jiang failed to demonstrate that the fines imposed by family planning officials following the birth of his children did not constitute economic persecution. *See In re T-Z-*, 24 I. & N. Dec. 163, 173 (BIA 2007) (holding that for economic harm to constitute persecution, "an applicant for asylum must demonstrate a severe economic disadvantage"). First, Jiang failed to demonstrate that he suffered a severe economic disadvantage resulting from his having to pay the 2,000 renminbi ("RMB") fine following the birth of his first child, testifying only that he paid the fine in full using funds he borrowed from his neighbors and relatives. Moreover, although Jiang testified that he "didn't have the money" to pay the 5,000 RMB fine that was assessed following the birth of his second child, he did not present any evidence or testimony of his personal financial situation or

3

income at the time, which would support his contention that he suffered a severe economic disadvantage due to the imposition of this fine. *See Guan Shan Liao v. U.S. Dep't. of Justice*, 293 F.3d 61, 70 (2d Cir. 2002).

Accordingly, the agency reasonably denied Jiang's application for asylum. Because he failed to meet the burden of asylum, Jiang necessarily failed to meet the higher burden for withholding of removal, as that claim was based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4